IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| M.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 4:17-cv-03114 |
| v. | § | |
| | § | |
| KFC CORPORATION, YUM! BRANDS, | § | |
| INC., et al., | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT COURT**:

Defendants KFC Corporation (erroneously named in Plaintiff's Original Petition and sued as "KFC", KFC Store No. 150182, Licensee of KFC Store No. 150182, and Franchisee of Store No. 150182) and Yum! Brands, Inc.,[1] (collectively, "Defendants") hereby file this Notice of Removal of Cause Number 2017-39729, styled *M.A. v. KFC Corporation, YUM! Brands, Inc., "KFC", KFC Store No. 150182, Licensee of KFC Store No. 150182, Franchisee of KFC Store No. 150182, Sean A. McIntosh, Individually, Kaydrin Marcell Neely, Individually, Anthony Jones, Individually, Shawn Baker, Individually, Jane Doe KFC Manager of Store No. 150182, Individually, Jointly and Severally,* currently pending in the 80th Judicial District Court, Harris County, Texas. Defendants remove the case to the U.S. District Court for the Southern District of

---

[1] Defendant KFC Corporation was erroneously named "KFC," KFC Store No. 150182, Licensee of KFC Store No. 150182, and Franchisee of Store No. 150182. *See* Defendants' Answer. These entities do not exist under the laws of Texas or any other State. However, KFC Corporation answered on their behalf and they are incorporated herein by reference.

Texas, Houston Division pursuant to 28 U.S.C. §§1332, 1441 and 1446. As grounds for removal, Defendants state as follows:

# I.
# STATE COURT ACTION

1. Plaintiff commenced an action against Defendants in the 80th Judicial District Court of Harris County, Texas, Cause No. 2017-39729, on or around June 30, 2017. In her Original Petition, Plaintiff alleges that she was "a child of only sixteen years" and was a "victim of attempted rape and indecent exposure" while working at a KFC restaurant located at 3130 F.M. 1960 in Humble, Texas 77338. *See* **Exhibit A, Tab 2**, Plaintiff's Petition (P. 11). She alleges that the restaurant was known as the "Candy Store." *Id*. (P. 12). Store manager Sean McIntosh allegedly attempted to engage in oral and vaginal sex without Plaintiff's consent, rubbed against her, and requested oral and vaginal intercourse. *Id*. (P. 13). The Defendants allegedly suborn sexual conduct in ad campaigns. *Id*. (P. 15). Defendants are alleged to have made false representations to Plaintiff regarding their policies, practices, and procedures regarding her physical health and safety. *Id*. Plaintiff alleges the Defendants are liable for the acts of the store managers and other agents or employees. *Id*. (P. 16). Plaintiff alleges causes of action for negligence, assault, offensive physical contact, breach of informal fiduciary relationship, false imprisonment, fraud, intentional infliction of emotional distress, aiding and abetting, and concert of action/mutual agency. *Id*. (P. 16-20).

2. Plaintiff seeks damages for physical pain, medical expenses, mental anguish, out of pocket expenses, loss of business opportunity and/or lost profits, exemplary damages and attorney's fees. *Id*. (P. 21-22). Plaintiff expressly seeks damages in excess of $100,000.00. *Id*. (P. 5).

3. Plaintiff alleges that she is "domiciled in Harris County, Texas." *Id.* (P. 2). She further alleges that certain Defendants are residents of Texas and states that "[t]his case is not removable because there is no federal question nor is there complete diversity of citizenship due to the fact that Plaintiff and Defendants are domiciled in the State of Texas." *Id.* (P. 5). As shown below, Defendants are in receipt of facts via discovery which establish diversity.

4. Defendants filed their Answer on or about August 15, 2017, which included specific denials and affirmative defenses. *See* Defendants' Answer to Plaintiff's Original Petition, included with this Notice of Removal as **Exhibit A, Tab 8**.

5. Pursuant to Local Rule 81, true and correct copies of all pleadings, motions, orders, docket sheet, and other papers filed in the 80th Judicial District of Harris County, Texas are included as attachments with this Notice of Removal, along with an Index identifying same. *See* **Exhibit A**. Further, a list of all counsel of record, including addresses, telephone numbers and parties represented, is attached to the Notice of Removal as **Exhibit B**.

## II.
## JURISDICTION

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and § 1441(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. <u>Amount in Controversy</u>: Plaintiff seeks to recover damages from the Defendants in excess of $75,000.00, exclusive of interest and costs. Specifically, Plaintiff seeks to recover more than $100,000.00 from Defendants. *See* **Exhibit A, Tab 2** (P. 5). Plaintiff seeks to recover damages for physical pain, medical expenses, mental anguish, out of pocket expenses, loss of business opportunity and/or lost profits, exemplary damages and attorney's fees. *Id.* (P. 21-22).

Therefore, on the face of the Petition, the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1446(c)(2).

8. <u>Diversity</u>: Plaintiff asserted in her Petition that she is domiciled in the State of Texas. However, Defendants have received discovery responses which establish that Plaintiff, in fact, is domiciled in the State of New Jersey. *See* **Exhibit C,** Plaintiff's Objections and Answers to Defendant KFC Corporation's First Set of Interrogatories. Defendants are foreign corporations. Defendant KFC Corporation is organized under the laws of the State of Delaware with its principal place of business in Kentucky. Defendant YUM! Brands, Inc. is organized under the laws of the State of North Carolina with its principal place of business in Kentucky. The other Defendants are alleged to be residents of the State of Texas. As there are no Defendants domiciled in New Jersey, there is complete diversity. Further, because Defendants removed the matter within thirty days after receipt by Defendants of a copy of the pleading or other paper by which Defendants could first ascertain that the case is one which is removable, removal of this matter is timely. *See* 28 U.S.C. § 1446(b)(3).

9. Specifically, Plaintiff has served discovery responses which establish that she is currently domiciled in New Jersey where she lives with her mother and child. She was born in New York, attended most of her school in New Jersey, and has spent the majority of her life as a resident and citizen of New York or New Jersey. She has a New Jersey I.D. card issued on February 1, 2016. She has a current residential address of 517 Palisade Avenue, Jersey City, New Jersey 07307. She has a cell phone number which contains a New Jersey area code (973). She is registered to vote in New Jersey. She has insurance coverage in New Jersey and receives medical care in New Jersey. *See* **Exhibit C**, Plaintiff's Objections and Answers to Defendant KFC Corporation's First Set of Interrogatories, Numbers 2, 9, 11, and 19 and attached documents.

10. A plaintiff cannot conceal facts supporting federal jurisdiction through "artful pleading" in order to avoid removal jurisdiction. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n.2, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); *Micrometl Corp. v. Tranzact Techs., Inc.*, 656 F.3d 467, 470 (7th Cir. 2011) ("[A] plaintiff cannot conceal facts necessary to determine whether jurisdiction is secure or otherwise thwart the jurisdictional inquiry with impunity."), *citing BEM I, LLC v. Anthropologie, Inc.*, 301 F.3d 548, 551 (7th Cir. 2002) (observing that "deliberately to avoid raising the issue [of subject matter jurisdiction] is improper, indeed sanctionable . . . and quite possibly unethical"). Accordingly, upon receipt of Plaintiff's discovery responses demonstrating that she is domiciled in New Jersey, Defendants timely removed this matter.

11. <u>Consent of other Defendants not required</u>: The remaining Defendants have not yet been served at the time of the filing of this Notice of Removal. Therefore, consent is not necessary. *See* 28 U.S.C. § 1446(b)(2)(A) (requiring consent or joinder of all defendants "who have been properly joined and served").

12. Because this civil action only involves citizens of different states and the amount in controversy exceeds $75,000.00, this Court has original jurisdiction pursuant to 28 U.S.C. §1332(a) and removal is proper under 28 U.S.C. §1441.

### III.
### SERVICE

13. Copies of this Notice of Removal are being served upon all parties to this action. Notice of this removal is also being filed with the 80th Judicial District Court of Harris County, Texas, pursuant to 28 U.S.C. § 1446(d).

14. Pursuant to Local Rule 81, Defendants have attached the Index of Documents filed in State Court and accompanying documents, identified as **Exhibit A**. Defendants have also filed the following documents with this Notice:

**Exhibit B** (List of All Counsel of Record);

**Exhibit C** (Plaintiff's Discovery Responses).

15. Defendants have made a jury demand.

Respectfully submitted this 16th day of October, 2017.

/s/ Hunter Johnson
Hunter Johnson
Attorney in Charge
Texas State Bar No. 10753900
Federal Bar No. 27573
hjohnson@contangy.com
Tamara R. Jones
Texas State Bar No. 00795115
Federal Bar No. 25634
tjones@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
1201 Elm Street, Suite 2550
Dallas, Texas 75270
Telephone: (214) 646-8625
Facsimile: (972) 865-4791

**ATTORNEYS FOR DEFENDANTS KFC CORPORATION AND YUM! BRANDS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on the following counsel of record on this the 16th day of October 2017 in accordance with the FEDERAL RULES OF CIVIL PROCEDURE:

*Via ECF Notification*
Allen H. Zwernemann
The Zwernemann Law Firm
6363 Woodway, Suite 300
Houston, TX 77057
Tel. (281) 221-7168
Email: az@azlf.com

Chavon D. Carr
2555 North McGregor Way
Houston, TX 77004
Ccarr@carr.associates
Chavondc@comcast.net

/s/ Hunter Johnson
Attorneys for Defendants